UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. _____

JACQUELINE FOUTS                                                                              PLAINTIFFS
BRADLEY FOUTS


V.                                            **NOTICE OF REMOVAL**


NATHAN WADE BAKER, M.D.;                                                           DEFENDANTS

WHITESBURG WOMEN'S CENTER, LLC; and

APPALACHIAN REGIONAL HEALTHCARE, INC.
d/b/a WHITESBURG ARH HOSPITAL
d/b/a ARH WHITESBURG CLINIC


\* \* \* \* \* \* \* \* \*

The United States of America, for and on behalf of itself and the named Defendant, Nathan Wade Baker, M.D., hereby notifies the Court as follows:

1. This Notice of Removal is filed, pursuant to the provisions of 28 U.S.C. § 2679(d) and 42 U.S.C. § 233(c) for the removal for trial and/or disposition of Civil Action No. 12-CI-402 captioned *Jacqueline Fouts, et al. v. Nathan Wade Baker, M.D.*, *et al.* now pending in the Letcher Circuit Court, Commonwealth of Kentucky.

2. On or about November 27, 2012, the Complaint in the above-referenced state action was served upon Defendant Nathan Wade Baker, M.D. A copy of said Complaint is attached hereto as Exhibit A. In addition, Exhibit A contains copies of all process, pleadings and orders served upon Defendant Baker to date. Pursuant to Fed.R.Civ.P. 5(d)(1), interrogatories filed in the state case are not attached.

1

3. The Complaint alleges medical malpractice and seeks certain damages resulting from the allegedly negligent or wrongful acts or omissions allegedly committed by Defendant Nathan Wade Baker, M.D.

4. Congress has provided that the exclusive remedy for the negligent or wrongful acts or omissions of an employee of the United States, acting within the scope of their office or employment, is a civil action against the United States, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b); 2671-2680 (hereinafter the "FTCA").

5. Congress has further provided that upon certification by the Attorney General, or his designee, that a defendant was acting within the scope of their office or employment at the time of the incident giving rise to a civil action in a state court, the civil action pending against the federal employee is deemed to be an action against the United States, under the FTCA, and the United States shall be substituted, by operation of law, as the sole defendant with respect to any state law negligence claims at any time before trial. 28 U.S.C. § 2679(d)(2).

6. Upon certification by the Attorney General, or his designee, that an individual federal employee was acting within the scope of his employment, a civil action pending against the employee in state court shall be removed, without bond, to the United States District Court for the district or division embracing the place in which the state court action is pending. 28 U.S.C. § 2679(d)(2); 42 U.S.C. § 233(c).

7. The Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233, has extended the provisions of the FTCA, including the exclusive remedy provisions, the employee immunity provisions, and the procedures for removal and substitution of the United States, to claims for damages for personal injury or death resulting from the performance of medical, surgical, dental, or related functions by employees of the United States Public Health Service,

while acting within the scope of their office or employment, and it further provides that certain public health entities that receive federal funds, as well as their employees, are deemed to be employees of the United States, for purposes of the FTCA. 42 U.S.C. §§ 233(a), (c), (g) and (h).

8.	Filed herewith is a certification, by the United States Attorney for the Eastern District of Kentucky, Kerry B. Harvey, that the Defendant Nathan Wade Baker, M.D. was acting within the scope of his federal employment at the time of the incidents giving rise to the suit. *See*, Certification attached hereto as Exhibit B.  Pursuant to 28 C.F.R. § 15.4, the authority to certify the scope of office or employment has been delegated to the United States Attorneys and, pursuant to 28 U.S.C. § 2679(d)(2), the Attorney General's certification that a defendant acted within the scope of their office or employment, at the time of the incident out of which the state law claims arose, conclusively establishes the scope of employment for purposes of removal.

9.	At all times relevant to the Complaint, Nathan Wade Baker, M.D. was acting within the scope of his employment, as an employee of the United States Public Health Service, pursuant to 42 U.S.C. § 233 and 28 U.S.C. § 2679.

10.	Accordingly, this action must be deemed to be an action against the United States, for purposes of the Plaintiffs' state-law negligence claims, and it is, therefore, removed to this Court pursuant to 28 U.S.C. § 2679(d)(2) and 42 U.S.C. § 233(c).

WHEREFORE, the above-captioned action, pending in the Letcher Circuit Court, Commonwealth of Kentucky, is removed to this court and the common law tort claims are deemed an action against the United States.

        Respectfully submitted,

        KERRY B. HARVEY
        UNITED STATES ATTORNEY

BY:    <u>/s/ John S. Osborn III</u>
        John S. Osborn III
        Assistant United States Attorney
        260 West Vine St., Ste 300
        Lexington, Kentucky 40507-1612
        Phone: (859) 685-4812
        Fax:  (859) 233-2533
        John.Osborn@usdoj.gov

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 13, 2013, the foregoing was electronically filed with the clerk of the court, by using the CM/ECF system.

I further certify that a true and correct copy of the foregoing document and notice of electronic filing was mailed, by first-class mail, to the following:

Michael T. Cooper
Hal D. Friedman
Cooper & Friedman, PLLC
1448 Gardiner Lane
Suites 301-303
Louisville, KY  40213

Kellie D. Wilson, Esq.
103 N. First Street, Suite 301
P.O. Box 1470
Harlan, KY  40831

Hon. Michael J. Schmitt
Porter, Schmitt, Banks & Baldwin
327 Main Street
Paintsville, KY  41240

On this the 13th day of May, 2013.

/s/ John S. Osborn III
John S. Osborn III
Assistant U.S. Attorney
