UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| JACQUELINE FOUTS and BRADLEY FOUTS, )<br><br>Plaintiffs, )<br><br>v. )<br><br>NATHAN WADE BAKER, M.D., et al., )<br><br>Defendants. ) | Civil No. 13-42-ART<br><br>**ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The plaintiffs, Jacqueline Fouts and Bradley Fouts, filed a medical malpractice suit in the Letcher County Circuit Court.  R. 1-1.  The complaint alleges that Dr. Nathan Wade Baker, the Whitesburg Women's Center, and Appalachian Regional Healthcare were negligent and caused Jacqueline Fouts to suffer serious injuries.  R. 1-1 at 3–5.

The United States removed the case to federal court, filed a motion to substitute itself as a defendant in place of Dr. Baker, and filed a motion to dismiss for lack of subject matter jurisdiction.  R. 1; R. 2; R. 3.  The United States certified that Dr. Baker was "acting within the scope of his federal employment at the time of the incidents giving rise to the [Fouts'] suit."  R. 1 at 3; R. 1-2.  The plaintiffs agree.  R. 4 at 3.  Under the Federal Tort Claims Act (FTCA), when a defendant is sued in tort for actions taken while acting as a federal employee, the United States must be substituted as the defendant.  28 U.S.C. § 2679(d).  The FTCA also requires plaintiffs to present their claims to the relevant federal agency before filing suit to allow the agency time to evaluate and potentially settle the claim.  28 U.S.C. § 2675.  The plaintiffs concede that they have not done so.  R. 4 at 3–4.  Because the plaintiffs

filed suit before presenting their claims to the government, this Court lacks subject matter jurisdiction over their claims.  28 U.S.C. § 2675; *Singleton v. United States*, 277 F.3d 864, 872–73 (6th Cir. 2002) ("[T]he failure to file a timely administrative claim under the FTCA bars federal jurisdiction.").  So, the plaintiffs' claims against the United States, substituted as a defendant for Dr. Baker, will be dismissed without prejudice.  *See* R. 4 at 4 (plaintiffs' response agreeing that dismissal is required); *see also Ernst v. Rising*, 427 F.3d 351, 367 (6th Cir. 2005) ("Our cases . . . recognize that dismissals for lack of jurisdiction should generally be made without prejudice.").

The Court declines to exercise supplemental jurisdiction over the plaintiffs' remaining state law claims.  This Court does not have original jurisdiction over the plaintiffs' remaining claims against the Whitesburg Women's Center and Appalachian Regional Healthcare.  The plaintiffs' complaint states that the plaintiffs are citizens of Kentucky and that Appalachian Regional Healthcare is a citizen of Kentucky.  There is not complete diversity between the remaining parties, so diversity jurisdiction does not exist.  28 U.S.C. 1332(a); *see also Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999).  The plaintiffs' claims against the remaining defendants are state law tort claims, so federal question jurisdiction does not exist.  28 U.S.C. 1331.  When a court dismisses "all claims over which it has original jurisdiction," it may decline to exercise supplemental jurisdiction over the plaintiffs' remaining state law claims.  28 U.S.C. § 1367(c)(3); *see also Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 614 (6th Cir. 2009).  There is a presumption in favor of remand.  Courts should retain jurisdiction only if the "interests of judicial economy and the avoidance of multiplicity of litigation" outweigh the need to avoid "needlessly deciding state law issues."  *Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 211 (6th Cir. 2004).  The

general rule is that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *Id.* at 210 (internal quotation marks omitted).  This case falls within that general rule:  It is early in the litigation, the federal claim has been dismissed, and the plaintiffs' remaining claims are all state law claims.  This Court will decline to exercise supplemental jurisdiction over the remaining claims and will remand the case to the Letcher County Circuit Court.  *See Moore v. Coffee Cnty., Tenn.*, 402 F. App'x 107, 108 (6th Cir. 2010) (citing *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 761 (6th Cir. 2000)).

Accordingly, it is **ORDERED** that:

(1)   The United States' motion to substitute, R. 2, is **GRANTED**.  The Clerk of the Court shall substitute the United States of American in place of defendant Nathan Wade Baker, M.D.

(2)   The United States' motion to dismiss, R. 3, is **GRANTED**.  The plaintiffs' claims against defendant United States are **DISMISSED WITHOUT PREJUDICE**.

(3)   The Court declines to exercise supplemental jurisdiction over the plaintiffs' remaining claims, and the case is **REMANDED** to the Letcher County Circuit Court.

(4)   The Clerk shall **STRIKE** this case from the Court's active docket.

(5)   All other pending motions are **DENIED AS MOOT**, and all other pending deadlines are **VACATED**.

This the 6th day of June, 2013.



**Signed By:**

*Amul R. Thapar*

**United States District Judge**